UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FIRST SOUND BANK, a Washington corporation, et al., | No. C09-0056-TSZ |
| Plaintiff and Plaintiff Intervenors, | ORDER |
| v. | |
| LARASCO, INC., et al., | |
| Defendants. | |

THIS MATTER comes before the Court on plaintiff First Sound Bank's ("FSB") Motion for Writ of Attachment and Preliminary Injunction Freezing Assets, docket no. 9. Having considered FSB's Motion, the Response of Larasco, Inc., Louis A. Secord, Jr., and Richard. A. Secord ("Defendants"), docket no. 38, FSB's Reply, docket no. 56, Defendants' Supplemental Response, docket no. 98, and having heard the parties at oral argument on May 12, 2009, the Court entered an oral ruling in open court. This written Order implements the Court's oral ruling. The Court ORDERS as follows:

(1)     FSB's motion for writ of attachment is GRANTED IN PART and DENIED IN PART pursuant to Federal Rule of Civil Procedure 64 and RCW Chapter 6.25, as outlined herein.

(2)     FSB has established the probable validity of its Washington State Securities Act Claim (Claim II) and its Breach of Contract Claim (Claim IV). These two claims constitute grounds for attachment under RCW 6.25.030(8) and RCW 6.25.030(10).

(3)     FSB is entitled to an attachment of: (a) Defendant Larasco, Inc.'s property in the amount of $2,743,000, and (b) the 437,500 shares of FSB stock agreed to be transferred to Larasco, Inc. under the Asset Purchase Agreement, to the extent those shares are in the name, possession, or control of Larasco, Inc.

(4)     FSB has not established the probable validity of its Securities Exchange Act Section 10(b)/SEC Rule 10b-5 Claim (Claim I) or of its Fraudulent Inducement of Contract Claim (Claim III).

(5)     As an alternative ground for the relief ordered here, FSB's motion for preliminary injunction freezing assets is GRANTED IN PART and DENIED IN PART pursuant to Federal Rule of Civil Procedure 65 and the Court's equitable power, as outlined herein.

(6)     FSB has carried its burden of showing a combination of probable success on the merits of its Washington State Securities Act Claim (Claim II) and its Breach of Contract Claim (Claim IV), and the possibility of irreparable injury.

(7)     FSB is entitled to a preliminary injunction asset freeze of: (a) Defendant Larasco, Inc.'s property in the amount of $2,743,000, and (b) the 437,500 shares of FSB stock agreed to be transferred to Larasco, Inc. under the Asset Purchase Agreement, to the extent those shares are in the name, possession, or control of Larasco, Inc.

(8)     FSB has not carried its burden of showing the probable success on the merits of its Securities Exchange Act Section 10(b)/SEC Rule 10b-5 Claim (Claim I) or of its Fraudulent Inducement of Contract Claim (Claim III).

(9) Within ten (10) days of the date of this Order, Larasco, Inc. shall provide to FSB a financial statement fully and fairly representing its present financial condition and the location of assets.

(10) Within ten (10) days of the date of this Order, Larasco, Inc., Louis A. Secord, and Richard A. Secord shall each file a declaration with the Court stating under penalty of perjury that the financial statement provided by Larasco, Inc. to FSB is true and accurate.

(11) Within twenty (20) days of the date of this Order, Larasco, Inc. shall appear for a deposition pursuant to Fed. R. Civ. P. 30 and give testimony regarding Larasco Inc.'s assets.

(12) Within thirty (30) days of the date of this Order, the parties shall submit a proposed writ of attachment/preliminary injunction asset freeze order that identifies, directs the attachment of, and freezes: (a) specific property of Larasco, Inc. in the amount of $2,743,000, and (b) the 437,500 shares of FSB stock agreed to be transferred to Larasco, Inc. under the Asset Purchase Agreement, to the extent those shares are in the name, possession, or control of Larasco, Inc.  If the parties are unable to agree on a proposed order consistent with this Court's Order, the parties shall submit their own proposed orders and statements of no more than five pages in support of their respective proposed orders.

(13) Effective immediately, and until entry of the writ of attachment/preliminary injunction asset freeze order or until further order of the Court, Defendants and any persons or entities acting on their behalf, are RESTRAINED and ENJOINED from (1) transferring, disposing of, encumbering or secreting any shares of FSB stock in the name, possession, or control of Larasco, Inc., and (2) disposing of or transferring any assets of Larasco, Inc. over $25,000.

(14)     Within five (5) judicial days of this Order, FSB shall file proof of bond in the amount of $5,486,000 plus an amount equal to double the fair market value as of May 12, 2009 of the 437,500 shares of FSB stock agreed to be transferred to Larasco, Inc. under the Asset Purchase Agreement, to the extent those shares are in the name, possession, or control of Larasco, Inc.

DATED this 14th day of May, 2009

Thomas S. Zilly
United States District Judge